## BLACK *vs.* HIGHTOWER.

[ACTION ON PROMISSORY NOTE—PLEA OF USURY.]

1. *Costs on successful plea of usury.*—To authorize a reversal of the judgment, at the defendant's instance, on account of the refusal of the court below to impose the costs on the plaintiff, when the plea of usury was successfully interposed, the record must show that an intentional reservation of usurious interest was proved : if the bill of exceptions does not purport to set out all the evidence, the appellate court cannot infer that this proof was made, from the mere fact that the plaintiff recovered a judgment for less than the amount of his note.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. E. W. PETTUS.

J. W. GUINN, for appellant.
JNO. T. HEFLIN, *contra.*

WALKER, J.—The only question in this case is, whether the court erred in refusing to tax the plaintiff, who recovered judgment, with the costs of the suit. It is contended that the costs ought to have been imposed upon the plaintiff, upon the authority of section 2377 of the Code, which is in the following words : "If it be made to appear that usurious interest has been intentionally taken or reserved, the defendant recovers full costs." It is manifest that, under this law, we cannot say that the court erred in refusing to impose the costs upon the plaintiff, unless it appears from the record that the proof showed an *intentional taking or reservation* of usurious interest. The bill of exceptions does not show that there was no other evidence in the case than the testimony of the defendant, nor does it show that the testimony set out in the bill of exceptions is all the evidence upon which the plaintiff's demand was scaled by the jury. We cannot intend, for the purpose of reversing the judgment, that the bill of exceptions contains all the evidence upon

which the jury acted, or upon which the court predicated its refusal to impose the costs upon the plaintiff; and we cannot say that the court erred, unless we were informed by the bill of exceptions upon what its decision · was based.

The judgment of the court below is affirmed.