Per Curiam.

The retention of a trunk of papers by the widow of the ancestor, and the loss of that trunk together with her house by fire, is sufficient to entitle the 'plaintiff to go into parol proof of the existence and contents of the letter of attorney. And the testimony of Bleecker is sufficient evidence of the existence of the power, and of his authority under it to execute the conveyance to the ancestor of the lessors. A jury, upon those facts, would have been warranted to have found the conveyance from Guth, the soldier, duly executed. The only remaining point, and one involved in the other, is, whether the letter of attorney ought not to have been deposited at Albany, under the act of 1794; for a neglect in complying with the act in that particular would operate to postpone the plaintiff’s title to that of the defendant.
This point it is unnecessary to decide; for admitting it to have been requisite to deposite the letter of attorney with the conveyance, yet as the conveyance was duly deposited, and as it recited ike letter of attorney, by virtue of which the conveyance was made, the subsequent purchaser had notice of the power, by means of the recital, and is affected equally as if the power itself had been deposited.
The plaintiff is, accordingly, entitled to judgment.
Judgment for the plaintiff