# Foster, Neville & Company *v.* Stallworth *et al.*

*Bill in Equity to foreclose Mortgage and enforce Vendor's Lien.*

1. *Mortgage; who not entitled to protection against, as bona fide purchaser.* Though the vendee holds the vendor's deed, reciting full payment of the purchase money of lands, one dealing with the vendee with reference to such lands, with knowledge that the purchase money is not fully paid, is put on inquiry as to the amount due the vendee, which would lead to the ascertainment of the extent of the lien, if not waived; or if waived, of the security the vendor had taken in lieu of it; and if such purchaser being thus put on inquiry fails to make proper inquiry, relying on the vendee's statements, he cannot claim protection against a mortgage on the lands, executed by the vendee to the vendor, to secure payment of the purchase money, on the ground of want of actual notice of its existence.

APPEAL from Butler Chancery Court.

Heard before Hon. ADAM C. FELDER.

The appellee, Harriet P. Stallworth, filed this bill against the appellants, Foster, Neville & Co., and the heirs of one W. W. Greene, and sought to foreclose a mortgage on certain lands, executed by said Greene and wife, and also to enforce a vendors lien on said lands for a balance of unpaid purchase money.

The facts may be thus stated: In the fall of 1866, Thomas N. Stallworth, the husband of complainant, made an agreement with W. W. Greene to sell him the tract of land in controversy. On the 21st day of December, 1866, Greene paid to Stallworth two thousand dollars, and gave the joint note of himself and wife for the balance of the purchase money, including therein also a small sum for personal property sold, payable to the complainant, Mrs. Harriet P. Stallworth, on the first day of January, 1868.

Stallworth and wife made an absolute deed to Mrs. Greene, acknowledging full payment of the purchase money, with the usual covenants of warranty; and thereupon Greene and wife executed a mortgage on the lands conveyed, and some personal property, to complainant, bearing the same date as the deed, to secure the payment of the note. This mortgage was not recorded until the 14th of August, 1867. The deed of Stallworth and wife to Mrs. Greene was recorded in the proper office, on the 22d day of December, 1866.

On the 18th day of January, 1867, the said Greene and wife, then being in the possession of the lands, and claiming them under the deed of Stallworth and wife, executed a mortgage on said lands to appellants, to secure the payment of about four thousand dollars. This mortgage was recorded on the 18th day of January, 1867.

It is clearly shown by the proof, that appellants advanced to said Greene two thousand dollars on the 20th of December, 1866, for the purpose, as Greene informed them at the time, of paying Stallworth for the land, stating to them, that it was in full payment of the balance due on said lands. This advance was made, on the promise to give a mortgage on the lands to secure this and other advances, which they agreed to make to enable said Greene to run the plantation during the year 1867, and the note for four thousand dollars was made to cover the advances, all of which were made before the 14th day of August, 1867. A balance of about six hundred dollars, due to the appellants for the year 1866, was likewise included in the four thousand dollar note, secured by the mortgage by Greene and wife to appellants. It is alleged in the bill, that at the time appellants took their mort-

[Foster, Neville & Co. v. Stallworth et al.]

gage from Greene, they had notice that the purchase money had not been paid to Stallworth.

On final hearing, the Chancellor decreed that the complainant was entitled to a foreclosure of her mortgage, and ordered an account to be taken to ascertain the balance due, &c. From that decree Foster, Neville & Co. appeal.

WATTS & WATTS, for appellant.

JUDGE & BOLLING, *contra.*

BRICKELL, C. J.—The single question to which the argument of counsel has been directed, is whether the appellants, Foster, Neville & Co., had at the time of the execution of the mortgage by Greene to them, notice of the prior mortgage to the appellees. It is not denied that they had notice that Greene derived his title from the appellees. It is also an undisputed fact that they knew he had not fully paid the purchase money; for so much of the debt secured by the mortgage to them, as was contracted cotemporaneous with the execution of the mortgage, was for money loaned him to remove the lien or encumbrance of the purchase money. This fact was sufficient to put them upon inquiry, and inquiry would have led them to knowledge of the existence of the mortgage to the appellees. The general rule laid down in the books is, that whatever is sufficient to put a party upon inquiry is good notice; that is, where he has sufficient information to lead him to a fact he shall be deemed conversant of it.—2 Lead. Eq. Cases, 100 ; *McDougald v. Scroggins*, 8 Ala. 382. Knowledge that the purchase money of the lands was partly unpaid—that the recital of its payment in the conveyance was not to be relied on as evidence of the fact, ought to have excited the vigilance and inquiry of those dealing with the vendee. They would know the law gave the vendor a lien for so much of the purchase money as was unpaid, unless some other security for its payment had been accepted. Inquiry would lead to knowledge of the extent of the lien if it had not been waived, or to knowledge of any security the vendor had taken in place of the lien. If Foster, Neville & Co., instead of inquiring, chose to rely on the statements of the mortgagor, as to the amount of the purchase money unpaid, and on his good faith in applying the money loaned to its extinguishment, they must take the consequences of their misplaced confidence. The equity and the legal right of the appellees is older than that which they assert. Priority can be accorded to them on no other ground than a want of notice of the older equity and right. If they had not actual

notice, they had constructive notice—knowledge of the facts which compelled them to inquire ; and inquiry would have led to actual notice. Without considering the evidence tending to prove actual notice, which is in some respects conflicting, we rest our decision on the undisputed fact that they knew the purchase money was partly unpaid, which was enough to put them on inquiry, and operate as notice.

Affirmed.