# Woodall *v.* Kelly & Co.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien, when purchaser's note is made payable to third person.*—When a purchaser of land assumes, as part of the agreed purchase-money, a debt which the vendor owes to a third person, giving his note payable to that third person, by agreement among the three, a vendor's lien attaches to the note, unless waived, and may be enforced by the payee by bill in his own name.

2-3. *Waiver of lien, by taking personal security.*—The vendor's lien may be waived, either expressly, or by implication from the acts and declarations of the parties; and it is presumptively waived by taking collateral security, or the names of other persons as co-makers, sureties, or indorsers of the note for the purchase-money; but this presumption may be rebutted, as in this case it is, by proof of an understanding between the parties, orally expressed, that the lien was not to be relinquished.

4-5. *Abatement of purchase-money, on account of defect in title.*—If the purchaser, while remaining in possession of the land, can claim an abatement of the purchase-money, in a suit to enforce the vendor's lien, on the ground that the conveyance was not properly executed to pass title to a portion which constituted the vendor's homestead; the defense must be interposed by cross-bill or answer, alleging the insolvency of the vendor, and electing to recoup damages on account of the defect of title; nor can the defense avail, where it appears that the vendor is able and willing to execute a sufficient conveyance, and relief is decreed to him on the express condition that he does so.

6. *Usury; what is.*—The payment of usurious interest on one of the notes given for the purchase-money of land, in consideration of indulgence or forbearance, does not render the other notes usurious, which remain in force without renewal, discharge or cancellation, and is not available in defense of a suit to enforce them as a lien on the land.

7. *Plea of usury.*—When the defense of usury is interposed by plea or answer, the terms and nature of the alleged usurious agreement

85 368
93 21

85 368
99 17

85 368
100 467
102 445

85 368
108 490
108 594
110 298

85 368
118 466

85 368
133 435

85 368
143 241
143 242

[Woodall v. Kelly & Co.]

must be stated with distinctness, and the specific amounts paid for which credits are claimed.

8. *Conveyance by father to son, in consideration of future support and maintenance; grantee as bona fide purchaser.*—A conveyance of land by an insolvent father to his son, in consideration of the son's promise to support and maintain him and his wife during their lives, is fraudulent and void as against the existing creditors of the grantor, and the grantee is not entitled to protection against them as a *bona fide* purchaser for value.

9. *Notice of vendor's lien to sub-purchaser.*—A sub-purchaser of land, knowing that a part of the purchase-money is unpaid, is put on inquiry as to the vendor's lien, and chargeable with notice of it if still outstanding.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed in March, 1887, by the partners composing the late firm of G. W. Kelly & Co., against W. W. Woodall, J. S. Woodall, F. B. Woodall, L. T. Woodall, C. V. Atkinson, and J. E. Windham; and sought to enforce a vendor's lien on a tract of land, for a part of the purchase-money alleged to be unpaid. The complainants' debt was evidenced by a promissory note for $525, which was signed by all of the defendants except L. T. Woodall, as joint makers, was dated October 16th, 1882, payable on November 1st, 1884, to G. W. Kelly & Co., or bearer, and contained a waiver of exemptions. The tract of land, which contained about 400 acres, had belonged to said Atkinson, who sold and conveyed it, in 1880, to said Windham, at the price of $2,000; and in October, 1882, some of Windham's notes for the purchase-money being due and unpaid, and he desiring to sell the land to the Woodalls, an agreement was made between the several parties, the terms of which were thus stated in the bill: "Thereupon, said Windham effected an arrangement with said G. W. Kelly & Co., to pay said Atkinson said Windham's notes for said land, the balance due being $1,050, and that said Windham would make a deed of conveyance for said land to said W. W., F. B. and J. S. Woodall; and with the further understanding with complainants and all of said respondents, that when said Windham executed said deed to said Woodalls, then they were to execute their promissory notes for $1,050 to complainants, in place of said Windham, the same being for said land, and in consideration that complainants paid said Atkinson for the same." Under this arrangement, complainants paid $1,050 to Atkinson, the balance of purchase-money due by Windham; Windham executed a con-

24

veyance of the land to said W. W., J. S. and F. B. Wood-all, in which his wife joined, but which was not properly acknowledged to pass title to a part of the land which was his homestead; and the Woodalls, with Atkinson and Windham, executed their two notes to complainants for $525 each, the last of which is the foundation of this suit. The note, a copy of which was made an exhibit to the bill, showed credits indorsed as follows: $21, paid February 7th, 1885; and $88.38, paid April 18th, 1886. L. T. Woodall, who did not sign the notes, was the son of W. W. Woodall, and the bill alleged that he was in possession of a part of the land, claiming it as his own, and exercising acts of ownership.

Decrees *pro confesso* were taken against Atkinson and Windham, and they made no defense. A joint and several answer was filed by W. W. Woodall, J. S. Woodall and F. B. Woodall, in which they demurred to the bill for want of equity, "because its averments show that complainants do not sustain the relation of vendors, assignees or transferrees of said debt, or purchase-money note, and have no vendor's lien;" alleged that they contracted for an indefeasible and unincumbered title, and refused to give a mortgage on the land, and that a vendor's lien was waived; claimed an abatement of the purchase-money on account of a defect in the title, because 160 acres of the tract was the homestead of said Windham, and the conveyance was not properly acknowledged by his wife; and pleaded usury, and a failure of consideration to the extent of $800, the value of the homestead tract. The plea of usury was in these words: "Respondents aver that the said note, upon which this suit is founded, is usurious, and void for the interest thereon." As to the defense of usury the answer contained these allegations: "Respondents aver and charge, that they paid said first note of $525 in good faith, but not when the same fell due; that they paid complainants $305.73 on said note when due, and that complainants then refused to indulge them on the balance ($219.37) at eight per-cent., as they had agreed to do, but demanded twelve and a half per-cent., and these respondents agreed to pay that per-cent. on said balance for one year; but, when the year's time was extended [expired?], complainants demanded, took and retained fifteen per-cent. usurious interest on said balance, said usurious interest amounting to about $33. Respondents aver that they have paid complainants the sum of $667.73 in all on said notes;

[Woodall v. Kelly & Co.]

that they are entitled to a credit of $142 and some cents on the note sued on, whereas it will be seen, by reference to Exhibit B, that the complainants have only give them credit for about $109, retaining $33 and a few cents usurious interest as aforesaid, which was demanded by complainants, and paid by respondents on said notes." A separate answer was filed by L. T. Woodall, in which he claimed to be a purchaser of a third interest in the land from W. W. Woodall, for valuable consideration, and without notice of any lien on the land.

The chancellor overruled the demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainants; holding that they had a vendor's lien on the land, which had never been waived or relinquished, and overruling all of the defenses set up by the respondents; but he required that Windham and wife should execute and deliver to them, or to the register, a conveyance of the homestead, properly executed and acknowle. ͺed, before the land was sold in enforcement of the balance due to the complainants. The Woodalls appeal from this decree, and assign each part of it as error.

H. H. BLACKMAN, for appellants.—(1.) A vendor's lien is an implication of law, and does not arise out of the facts shown in this case. Atkinson's debt to Kelly & Co. was for the price of goods sold and delivered, and had no connection with the sale of the land. He was only bound personally for the debt, and is still bound on the note, which contains additional security, and operates an extinguishment of the original debt.—2 Greenl. Ev. § 519; *Lee v. Green*, 83 Ala. 491. If any lien would have arisen out of the facts, the evidence shows that the parties did not intend that it should be retained; and it was presumptively waived by taking the note, which contains a waiver of exemptions, and is signed by other persons than the purchasers of the land.—*Tedder v. Steele*, 70 Ala. 347; *Walker v. Struve*, 70 Ala. 172; *Donegan v. Hentz*, 70 Ala. 437. An agreement to charge the land with a lien can not be enforced, if it were proved, unless it was in writing.—*Patton v. Beecher*, 62 Ala. 579; *Stringfellow v. Ivie*, 73 Ala. 209. (2.) The respondents have already paid more than the value of the land really conveyed to them, since they have acquired no title to the homestead. (3.) The defense of usury is clearly established, and the complainants can not, in any event, recover interest or costs.—Code

§§ 1754, 2839; *Black v. Hightower*, 30 Ala. 317; *Neil v. Clay*, 48 Ala. 252. (4.) L. T. Woodall is entitled to protection as an innocent purchaser for valuable consideration without notice.

A. L. MILLIGAN, *contra*—(1.) That the complainants acquired a vendor's lien in this case, and that it has never been waived, relinquished, or extinguished in any manner, see *Carver v. Eads*, 65 Ala. 190; *Staples v. Latham*, 46 Ala. 462; *Bozeman v. Ivey*, 49 Ala. 75; *Bankhead v. Owen*, 60 Ala. 457; *Pylant v. Reeves*, 53 Ala. 132; *Foster v. Atheneum*, 3 Ala. 302; *Simpson v. McAlister*, 56 Ala. 228; *Wilkinson v. May*, 69 Ala. 33; 2 Story's Equity, § 1224. (2.) The defendants are estopped from setting up a defect in the title to the homestead, while they retain possession. Moreover, it is shown that Windham and wife are able and willing to execute a sufficient conveyance of the homestead, and the chancellor required them to do so. (3.) The defense of usury is not properly pleaded, and is not sustained by the evidence. (4.) The conveyance by W. W. to L. T. Woodall is fraudulent and void as against complainants, who were creditors of said W. W. at the time; and the grantee can claim no protection under it, even if he were not chargeable with notice.

SOMERVILLE, J.—1. When the purchaser of land assumes, as part or whole of the purchase-money, a debt which his vendor owes to a third person, and gives his promissory note, payable to such third person, by mutual agreement of all parties concerned, the note continues to be a charge on the land as a vendor's lien for unpaid purchase-money; and, unless waived, such lien may be enforced by the promisee by bill in equity for his own benefit.—*Carver v. Eads*, 65 Ala. 190; *Buford v. McCormick*, 57 Ala. 428; *Terry v. Keaton*, 58 Ala. 667; *Latham v. Staples*, 47 Ala. 462. The consideration which supports the promise to pay the note in suit was, unquestionably, the purchase by the Woodalls of the land described in the bill, upon which a vendor's lien is sought to be enforced. The lien was not the creature of specific contract, but the incident of the debt due for purchase-money. The Woodalls owed their immediate vendor, Windham, for the land; Windham owed Atkinson, and Atkinson owed the appellees, Kelly & Co., who are complainants in the present bill. By mutual agreement

of all parties in interest, the note for the purchase-money was made payable to Kelly & Co., in payment of their claim against Atkinson, and of Atkinson's against Windham, to the extent of the face of the debt.    These facts bring the case fully within the rule announced in *Carver v. Eads, supra,* and other cases cited above.

2.    The next inquiry is, has this vendor's lien, which presumptively passed to complainants with the transfer of the debt, and as an incident of it, been lost by waiver or abandonment?    The authorities are uniform in holding that the lien may be waived, by express or implied consent; the whole question being one of fact, or intention manifested by acts or declarations of the contracting parties, and the burden of proof being always cast on the purchaser to affirmatively establish such waiver.    And the taking of collateral security, or of a note for the purchase-money with the names of strangers, or other persons than the purchasers of the land, as personal securities, or co-makers, or indorsers, will *prima facie* be construed as a waiver or abandonment of the lien. *Tedder v. Steele,* 70 Ala. 347; *Chapman v. Peebles,* 84 Ala. 283; *Marshall v. Christmas,* 39 Amer. Dec. 199; p. 202, NOTE; *Conover v. Warren,* 41 Amer. Dec. 196.    It is insisted by appellants, that taking the names of Atkinson and Windham as personal sureties on the note in suit, in addition to the names of the three Woodalls, who purchased the land, operated as a waiver of the vendor's lien, as evincing an intention to rely exclusively upon the personal security thus taken.    The presumption of a waiver, as we have said, is undoubtedly raised by this fact; but it is open to rebuttal by evidence that such was not the intention of the contracting parties.

3.    We concur in the conclusion reached by the chancellor, that the weight of the evidence supports the view, that, at the time of the execution and delivery of the purchase-money notes, they were received by the complainants with the understanding, orally expressed, that the vendor's lien was not to be relinquished.    This, according to all the authorities, was sufficient to overcome the implication of the contrary intention raised by the mere act of taking personal security, with a waiver of exemptions, on the notes of the Woodalls.—*Cordova v. Hood,* 17 Wall. 1; *Napier v. Jones,* 47 Ala. 90; 1 Jones on Mort., § 196; *Fonda v. Jones,* 42 Miss. 792; s. c., 2 Amer. Rep. 669; *Daughaday v. Paine,* 6 Minn. 443; *Moshier v. Meek,* 80 Ill. 79; *Walker v. Struve,* 70 Ala. 167.

4. One of the defenses set up in the answer, for which an abatement of the purchase-money is asked, is a defect of title to a part of the land, occasioned by the failure of the vendor Windham's wife, by proper acknowledgment and separate examination, to give her voluntary assent and signature to the conveyance of the homestead, which was embraced in the premises described in the bill. This conveyance, which is a warranty deed, although void as to that part of the premises which embraces the homestead, is valid as to that part of the land in excess of the homestead.—*McGuire v. Van Pelt*, 55 Ala. 344. Whether the defendants, under this state of facts, can *remain in possession* of the premises, and set up this defense so as to abate the purchase-money, we do not decide. If they can, the defense should be interposed by cross-bill or answer, alleging the *insolvency* of the vendor, and electing to recoup damages for the defect of title.—*Tedder v. Steele*, 70 Ala. 347; *Pitts v. Powledge*, 56 Ala. 147; *Hughes v. Hatchett*, 55 Ala. 539. There is no allegation in the answer of the vendor Windham's insolvency, nor any proof of this fact; which proves fatal to the defense.

5. There is another reason also why this defense must fall to the ground. The relief granted by the chancellor is on the express condition, that Windham and wife shall perfect their deed, by proper acknowledgment and Mrs. Windham's separate examination; which the testimony shows they have always been willing to do, upon the payment by the Woodalls of their notes for the purchase-money. This leaves no vestige of equity in the effort to recoup based on this ground.

6–7. The plea of usury is equally unavailing, for two reasons: (1.) It is not pretended that there was any usury in the original contract, which was one of mere purchase and sale. It is only urged that there was a subsequent payment of usurious interest on one of the notes, in consideration of indulgence or forbearance. This does not render the other note usurious, which remains in force without renewal, discharge, or cancellation.—*Allen v. Turnham*, 83 Ala. 323; *VanBiel v. Fordney*, 77 Ala. 76. (2.) The answer fails to state with sufficient distinctness the terms and nature of the alleged usurious agreement, and the specific amounts for which credit is claimed. The question of usury is not, therefore, raised by the answer.—*Munter v. Linn*, 61 Ala. 492; *Sec. L. Asso. v. Lake*, 69 Ala. 456.

8. The defendant L. T. Woodall can not, under the

[Woodall v. Kelly & Co.]

admitted facts of the case, be regarded as a *bona fide* purchaser of the one-third interest of W. W. Woodall in the land. He bore the relation of son to his immediate vendor, the father, who was at the time of making the deed ·insolvent, owing the debt in suit, and one other of about two hundred dollars. The consideration of the deed on the son's part was his promise to support and maintain the grantor and his wife during their natural lives. This is, in legal effect, a conveyance of property to the son by the grantor in trust for himself, and is fraudulent and void as to existing creditors of the grantor. No debtor, especially if insolvent, is permitted to tie up his property by a conveyance of this kind, in trust for the enjoyment of himself and family, so as to place it beyond the reach of his creditors, In *Sandlin v. Robbins*, 62 Ala. 477, a father conveyed certain land to his daughter and her husband, a part of the recited consideration being, that the grantees were to suffer the grantor and his wife (the father and mother) to reside on the premises during their natural lives, and were to contribute from the proceeds of the land whatever their necessities, comforts and conveniences might reasonably require. The conveyance was held to be *per se* void, as one made in trust for the use of the grantor, without regard to any question of fraudulent intent, or of the grantor's solvency. This case is in full accord with the rule settled in other analogous cases. *Benedict v. Renfro*, 75 Ala. 121; *Reynolds v. Crook*, 31 Ala. 634; *Miller v. Stetson*, 32 Ala. 161.

9. The testimony, furthermore, authorizes the conclusion attained by the chancellor, that L. T. Woodall is chargeable with notice of the vendor's lien existing on the land at the time of his purchase. He knew of the existence of the debt for the unpaid purchase-money, according to the preponderance of the evidence. This should have put him on inquiry as to the existence of the lien, which was an incident of the debt; and such inquiry, properly prosecuted, would have disclosed the fact, that it was not waived by the taking of personal security.—*Foster v. Stallworth*, 62 Ala. 547; *Lomax v. LeGrand*, 68 Ala. 547.

We discover no error in the record, and the judgment is affirmed.