# Wailes & Co. *v.* Couch.

*Action on the Case to recover Value of Bale of Cotton.*

1. *When lender of money at usurious rate of interest not a bona fide purchaser.*—W. & Co., having sold to L. G. & Co. a bale of cotton, by mistake gave them a delivery order on a warehouseman for it before it was paid for. Afterwards L. G. & Co., without taking actual control of the cotton, and without presenting the delivery order to the warehouseman, paid for the cotton, and then received a second delivery order therefor from W. & Co., they not remembering that they had given the first, and under the second order the cotton was sold by L. G. & Co. and delivered by the warehouseman, who was in ignorance that an older order was outstanding. L. G. & Co. borrowed from C. $600 on short loan, promising him interest at the rate of one dollar per day, and at the same time, as security for the loan, they delivered to him delivery orders for certain bales of cotton, including the first order given them by W. & Co. L. G. & Co. did not repay to C. the money borrowed, became insolvent, and the collaterals placed in pledge were insufficient to reimburse him, without resorting to the bale of cotton for which W. & Co. delivered the orders. *Held*, in an action on the case by C. against W. & Co. to recover the value of the bale of cotton, that the loan of money made by C. to L. G. & Co. being usurious, C. is not a *bona fide* purchaser for value in that sense which will enable him to triumph over the complete defense which W. & Co. could make, if the suit were by L. G. & Co. (*Saltmarsh v. Tuthill*, 13 Ala. 390, and *Carlisle v. Hill*, 16 Ala. 398, reaffirmed and followed.)

2. *Same; nature of defense.*—The defense, in such case, is not usury, but the improper and unauthorized use which L. G. & Co. made of the delivery order, and usury is invoked merely to preclude C. from claiming the shield of a *bona fide* purchase; and hence, a special plea setting up the usury is not required.

APPEAL from City Court of Selma.

Tried before Hon. JON. HARALSON.

This was a suit by W. H. Couch against Wm. E. Wailes & Co., to recover the value of a bale of cotton, and was commenced on 5th May, 1881. The complaint contains two counts, the first in trover, and the other a special count on the case. The cause was tried without a jury under the provisions of the statute creating said court, the trial resulting in a judgment in favor of the plaintiff, to which the defendants duly excepted. The facts are sufficiently stated in the opinion.

The judgment rendered is here, *inter alia*, assigned as error.

S. W. JOHN and E. W. PETTUS, for appellants.

[Wailes & Co. v. Couch.]

W. R. NELSON, *contra*.

STONE, J.—It needs no argument to show that if this suit was by Lotspeich, Gholson & Co., there could be no recovery. The cotton had been delivered pursuant to their order and direction, and they would not be heard to complain that their order had been obeyed. The contention is, that Couch, by virtue of his transaction with them, acquired a better title than theirs, and that would cut off all defenses growing out of the original transaction.

Wailes & Co., by mistake and accident, allowed Lotspeich, Gholson & Co. to obtain a delivery order for the bale of cotton in controversy, before they had paid for it. This authorized them to demand and receive the cotton from the warehouse-man, and consequently furnished evidence of ownership in them. They afterwards paid for the cotton, but did not take actual control of it, nor present the delivery order to the warehouseman. When they paid for the bale of cotton, Wailes & Co., not knowing, or not remembering a delivery order for this bale was already in the hands of Lotspeich, Gholson & Co., gave them a second delivery order, and under this the cotton was sold by the latter, and delivered by the warehouseman, still in ignorance that another and older delivery order was outstanding. Lotspeich, Gholson & Co. borrowed from Couch six hundred dollars on short loan, and promised him interest on the loan at the rate of one dollar per day, equal to a fraction over sixty per cent. *per annum*. Contemporaneously with the loan, and as security for its repayment, they delivered to him delivery orders for certain bales of cotton, and among them the order for the bale in controversy. Lotspeich, Gholson & Co. did not repay to Couch the money borrowed, became insolvent, and the collaterals placed in pledge were insufficient to reimburse him, without resorting to the bale of cotton, the value of which is claimed in this suit. Is Couch a purchaser in that sense, which will enable him to triumph over the complete defense Wailes & Co. could make, if this suit were by Lotspeich, Gholson & Co.? This question must be regarded as settled in the negative by the previous decisions of this court.—*Saltmarsh v. Tuthill*, 13 Ala. 390; *Carlisle v. Hill*, 16 Ala. 398. In this last case, in which there was large usury, this court said the holder of the paper (commercial paper) " must be regarded as a usurious holder, and being affected by usury, can not be considered a *bona fide* holder." Proceeding further, the court said of plaintiff that " not being a *bona fide* holder in the usual course of trade, the defendant could set up any defense, which would have availed him as between the original parties, to defeat the plaintiff's action."

[South & North Alabama Railroad Co. v. Schaufler.]

Our decisions above were founded mainly on *Ramsdell v. Morgan*, 16 Wend. 574, and *Keutgen v. Parks*, 2 Sandf. S. C. 60. Those cases were, in effect, overruled in the later New York case of *Williams v. Tilt*, 36 N.Y. 319, 325. On this ground we are asked to reconsider and depart from our former rulings, noted above. *Saltmarsh v. Tuthill* was decided near forty years ago, and has never been questioned in this court. Many rights have, no doubt, been adjudicated on the principles there declared, and they have probably entered largely into commercial dealings. We think they must be treated as establishing a rule of property; and we can not say it is an unhealthy rule. There is much plausibility at least in the dogma, that one who grossly violates the law in the acquisition of property, is not entitled to the protection we accord to one who has innocently and in good faith parted with his money without notice of latent defect in the title he acquires.

It is objected further, that usury is a personal defense which should have been pleaded, and can not be taken advantage of in the form here presented. Usury is not the defense in this action. The defense is the improper and unauthorized use Lotspeich, Gholson & Co. made of the delivery order. Usury is invoked to preclude Couch from claiming the shield of a *bona fide* purchase. It arose on the evidence, and could not arise on the pleadings, in this special action on the case.— *Williams v. Tilt, supra.*

The judgment of the city court is reversed, and the cause remanded.