# Allen & Trammell *v.* Turnham.

*Action on Promissory Note, by Indorsee against Maker.*

1. *Parol evidence contradicting note, as to interest reserved.*—In an action on a promissory note, which does not on its face stipulate for illegal interest, parol evidence can not be received to show that, by a contemporaneous verbal agreement, it was stipulated that, on payment of one-half of the amount at the maturity of the note, the balance should be extended for twelve months at usurious interest; that this agreement was afterwards reduced to writing, and one-half of the debt was paid at maturity.

2. *Subsequent promise to pay illegal interest.*—When the original contract is not usurious, a subsequent promise to pay illegal interest, in consideration of forbearance, does not render it usurious, so long as it remains in force, without renewal, discharge, or cancellation.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Allen & Trammell, suing as partners, against Joseph C. Turnham; and was founded on the defendant's promissory note for $500, which was dated the 6th December, 1873, and payable twelve months after date, to J. N. Brisby (Brisky), by whom it was indorsed and transferred to plaintiffs.   Indorsed on this note were the following credits: December 2d, 1874, $250; December 24th, 1878, $169.31; and January 25th, 1882, $42.13.   The defendant pleaded usury, and a special plea stating the facts which constituted the alleged usury; and he was allowed by the court to testify, against the objection of the plaintiffs, that it was verbally agreed between him and Brisby, at the time the note was given, that, on payment of one-half the amount at maturity, the balance should be extended one year at twelve per cent. interest per annum; that this agreement was afterwards reduced to writing, as stipulated at the time, and $250 was paid on the note at maturity, as shown by the indorsed credit.   The written agreement, which was dated May 4th, 1874, and signed by both of the parties, was in these words: "This will certify, to whom it may concern, that whereas Joseph C. Turnham has bought a tract of land from me, J. N. Brisby, for which he gave his note for $500, payable on the 25th December, 1874, but it is now agreed and understood between the parties, that in case the said

[Allen & Trammell v. Turnham.]

Turnham shall fail to pay the last half of the note, $250, by the said 25th December, 1874, the said Brisby agreed to wait with him for twelve months longer, the said Turnham promising to pay him twelve and a half per cent. per annum." The court admitted this agreement as evidence, against the objection and exception of the plaintiffs; and instructed the jury, in effect, that, on these facts, the transaction was usurious, and the plaintiffs were only entitled to recover the balance due on the note, if any, without interest. The plaintiffs excepted to each of these rulings, and here assign them as error.

E. G. RICHARDS, and A. & R. B. BARNES, for appellants, cited *Van Beil v. Fordney*, 77 Ala. 76; *Wilkinson v. Searcy*, 74 Ala. 243; *Ely v. McClung*, 4 Porter, 128; *Keep v. Kelly & Levin*, 29 Ala. 322; 69 N. Y. 248; 37 N. Y. 354; *Crane v. Hubbell*, 7 Paige, 413; Tyler on Usury, 371, 389, 401, 520, 96, 114; 3 Parsons on Contracts, 126; *Davis v. Lassiter*, 20 Ala. 561.

J. R. DOWDELL, *contra*, cited *Ramsey v. Young*, 69 Ala. 157; *Davis v. Snider*, 70 Ala. 315; *Barr v. Collier*, 54 Ala. 39; *Uhlfelder v. Carter*, 64 Ala. 527; *Stewart v. Cross*, 66 Ala. 22; *Matlock v. Mallory*, 19 Ala. 594.

SOMERVILLE, J.—It is not contended there is any usury in the note sued on, which was executed December sixth, 1873, payable to J. N. Brisby, twelve months after date, in the sum of five hundred dollars, and was transferred by Brisby to the plaintiffs. This contract does not, covertly or otherwise, stipulate for a higher rate of interest than that allowed by law. It is sought, however, to import into the original agreement the taint of usury, by showing that, contemporaneously with the execution of the note, an *oral* agreement was entered into, that, upon the maturity of the note, the maker might pay half of the amount, and extend the other half by agreeing to pay usurious interest, at the rate of twelve and a half per-cent. *per annum*; and that this latter agreement was *subsequently* reduced to writing, on May 4, 1874, and at the maturity of the original note, in December following, half of the sum was paid as stipulated.

The admission of this parol evidence, we think, was error. It violated the rule, that parol, or extrinsic contemporaneous evidence, is inadmissible to contradict or vary the legal effect

of a valid written instrument. It must be presumed that
the parties to this written instrument intended thereby to
fully express their intention and agreement; and they are
presumed to have abandoned all oral suggestions, or verbal
agreements, antecedent to, or contemporaneous with the writ-
ing, having reference to the subject-matter of the contract.
The writing itself must be deemed conclusive as to the mat-
ters embraced in it. The note was an agreement to pay
eight per-cent. interest *per annum*, which was not usurious,
but lawful. The evidence introduced showed a contempora-
neous oral agreement to pay twelve and a half per-cent. *per
annum*, which was usurious, and therefore unlawful. This,
if allowable, would operate to change the legal effect of the
original note, so as to make it voidable for the interest from
the beginning.

This evidence does not come within the rule, that parol
evidence is always admissible to show the illegality of the
consideration, or subject-matter of a written agreement. If
the original note, here sued on, had been usurious, it mat-
ters not by what words of device, or acts of artifice or eva-
sion, it was sought to be concealed under false recitals in the
writing, this fact could be proved by oral evidence. But the
substitution of an oral usurious contract, in the place of a
written one not usurious, is not permissible, when the one is
contemporaneous with the other, as in this case.

This evidence being excluded, the case is completely anal-
ogous to *Van Biel v. Fordney*, 77 Ala. 76, where it was de-
cided that, when the original transaction is not usurious, a
subsequent agreement to pay illegal interest, in consideration
of forbearance, will not impart to the former the taint of
usury, so long as the first contract remains in force, without
renewal, discharge, or cancellation. The subsequent con-
tract alone is affected by the usury, and the payments of ille-
gal interest will be regarded merely as partial payments on
the original debt.

The usurious agreement of May 4th, 1874, which was re-
duced to writing by Turnham and Brisby, does not renew,
discharge or cancel the original note, but is entirely collat-
eral to it, leaving it in full force and effect. The suit on the
original agreement is such an abandonment of the subse-
quent one as to expurgate the taint of usury, which might
otherwise be made to inhere to the transaction.—*Masterson
v. Grubbs*, 70 Ala. 406.

These principles will settle the case upon all points likely

to be considered on another trial, the note sued on not being usurious under the facts set out in the bill of exceptions. This is all we need decide.

Reversed and remanded.