# Dykes v. Bottoms.

*Bill in Equity to enforce a Vendor's Lien.*

1. *Bill to enforce a vendor's lien; questions of usury and breach of warranty to be decided by the chancellor.*—Where, in a bill in equity to enforce a vendor's lien, the answer of the respondent raises the questions of usury and a breach of the warranty in a deed of conveyance, it is error to order a reference to the register to ascertain whether there was usury in the transaction, and whether there had been a breach of warranty in the deed to the respondent; these questions should be decided by the chancellor.

2. *Usury in purchase price of land.*—Where, after there was a parol agreement for the sale and purchase of land at a certain price for cash, the purchaser informed the vendor that he could not pay for the land in cash, and a sale on a credit was subsequently consummated at an advance of 15 *per cent.* on the cash price, the vendor's deed of con-

[Dykes v. Bottoms.]

veyance reciting the latter price as its consideration, and the purchaser executing his promissory notes therefor, the transaction was not usurious.

3. *Description of land in conveyance; no abatement of purchase price when void for uncertainty.*—Where a part of the land in a deed of conveyance is described as "a portion of the northwest quarter of the northwest quarter and a part of the southwest quarter of the northwest quarter of section 28, all in township 7, range 25," the deed is void as to such land, for uncertainty and indefiniteness in the description; and an abatement of the purchase price will not be allowed the purchaser for a deficiency in the number of acres in said section 28, since both parties must be presumed to have known that the deed conveyed no part of the lands lying in said section.

4. *Abatement of the purchase price of land.*—The defendant in an action to enforce a vendor's lien is entitled to an abatement of the purchase price as to a portion of the lands conveyed in a deed that had not come into his possession, and to which the vendor had no title at the time of his conveyance to the defendant.

APPEAL from the Chancery Court of Dale.
Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by James Bottoms against James E. Dykes; and sought to enforce a vendor's lien. On the submission of the cause for decree, on pleadings and proof, and upon the report of the register, the chancellor granted the relief prayed for, and decreed that the complainant should have a vendor's lien, but refused to allow the defendant an abatement for the five acres of land which was shown by the report of the register to have been owned and occupied by some one else at the time of the execution of the deed to the defendant. The defendant prosecutes this appeal, and assigns the decree of the chancellor as error.

H. H. BLACKMAN, for appellant.—There was usury in the notes given for the purchase money of the land. *Uhlfelder & Co. v. Carter,* 64 Ala. 527; *Stewart v. Cross,* 66 Ala. 22; *Dawson v. Burrus & Williams,* 73 Ala. 111; *Bradford v. Daniel,* 65 Ala. 133.. The defendant is entitled to an abatement of the purchase price of the land. *Monroe v. Pritchett,* 16 Ala. 785; *Thweatt v. McLeod,* 56 Ala. 375; *Joseph v. Seward,* 91 Ala. 597, 8 So. Rep. 682.

BORDERS & CARMICHAEL, *contra.*—There was no usury in the transactions between the plaintiff and the defen-

dant.—*Crippin v. Heermance*, 7 N. Y. Ch. Rep. 72; *Farmers'
Loan & Trust Co. v. Smith, Ib.* 194; *Quackenbush v. Leonard*,
9 Paige Ch. 334; *Cutler v. Wright*, 22 N. Y. (8 Smith)
472; *Hogg v. Ruffner*, 1 Black. (U. S.) 113. There was
no breach of warranty with respect to the number of
acres conveyed in the deed from the complainant to the
defendant.—*Baker v. Clay*, 101 Mo. 553; *Cannon v. Em-
mans*, 44 Minn. 294; *Agan v. Shannan*, 103 Mo. 661;
*Cullers v. Platt*, (Texas), 16 S. W. Rep. 1003; 2 Pom.
Eq. Jur., 870.

COLEMAN, J.—James Bottom, appellee, filed the
present bill to enforce a vendor's lien for unpaid purchase
money due for land sold to respondent. The bill des-
cribes the land sold as being the "S. W. ¼ of N. E. ¼ and
N. W. ¼ of the S. E. ¼ and the S. ¼ of the N. E. ¼ of
section 29, township 7 range 25, containing one hundred
and sixty acres, more or less, situated in the county of
Dale," &c. This description shows a sale of only one
hundred acres. Three portions are mentioned, but the
last forty acres, to-wit, the S. ¼ of N. E. ¼, includes
twenty acres described in the first forty, to-wit, the S.
W. ¼ of N. E. ¼ of section 29. No objection seems to
have been taken to this omission, and it may be a clerical
error in the transcript. The defendant by his answer
pleads usury, and also a deficiency in the quantity of land
sold and purchased and that conveyed by the deed of
conveyance with warranty of title. The answer prays
for an abatement of the purchase price, both on account
of usury and breach of warranty. The deficiency is
claimed to consist of five acres, a part of section 29 con-
veyed, and six acres in section 28, which latter six acres
is omitted entirely from the bill of complaint. The an-
swer sets up as a fact that respondent has never been in
possession of the eleven acres of land for which an abate-
ment is claimed, and that he has not been able to acquire
possession, by reason of the occupation by others, whose
names are given, of said eleven acres of land who are
in possession, and holding, the answer avers, under a
title superior to that acquired by the purchase and deed
received from complainant. There was no action by the
court upon objections to testimony. The objections in
many instances were not sufficiently specific and might
have been disregarded. Section 1798 of the Code de-

[Dykes v. Bottoms.]

clares when conveyances are self proving, and when a transcript may be admitted in evidence. Copies of conveyances not acknowledged and recorded are not admissible, without the proper predicate, accounting for the absence of the original. After the evidence was closed the court referred to the register to ascertain and report as to whether there was usury in the transaction, and whether there had been a breach of the warranty in the deed of conveyance to respondent. These were questions, under our practice, which should have been decided by the chancellor, and should not have been referred to the register.

Our conclusion from the evidence is, that the transaction was not usurious. It appears that there was a parol agreement for the sale and purchase of the land, at the purchase price of $900 or $950, for cash, and that under this agreement the respondent entered upon the possession. No part of the purchase money was paid. This agreement was void under the statute of frauds. After having been in possession some months the respondent informed the complainant that he could not pay for the land in cash. It was then agreed that respondent might purchase the land, by paying one part in cash, and by executing his two notes for the unpaid purchase money, at one and two years; and the difference in the value of the land, for cash, as was first agreed upon in parol, and when sold on a credit, and which latter agreement was concluded in writing, was fifteen *per cent*. The complainant executed his warranty deed to respondent, and the respondent executed his two promissory notes. This was not usury. Respondent owed no debt for the forbearance of which fifteen *per cent*. additional was charged, and the debt thus contracted was not a loan of money. There was a sale of land, the vendor willing to sell for so much at a cash valuation, or for so much on a credit, placing the difference between the cash and credit price at fifteen *per cent*.

There is some difficulty in arriving at a legal conclusion from the facts of the case upon which an abatement of the purchase money for a deficiency in the land sold is claimed. The warranty deed of complainant to respondent, describes the land sold as follows: "W. ½ of N. E. ¼ and N. W. ¼ of S. E. ¼ and S. E. ¼ of N. E. ¼ of section 29, and a portion of the N. W. ¼ of N. W. ¼, and,

[Dykes v. Bottoms.]

a part of the S. W. ¼ of N. W. ¼ of section 28, all in township 7, range 25," &c., without specifying any number of acres. Now, it is clear that as to the lands lying in section 28, the deed is void, for want of definiteness in the description of the land. How much off, and in what part of, these quarter-sections lying in 28, was sold or intended to be sold, can not be ascertained—"there is no land mark to enable a surveyor to find the land." It is not within the influence of the maxim, *Id certum est quod certum reddi*.—*Black v. Tenn. Coal & Iron Co.*, 93 Ala. 109; 9 So. Rep. 537; *Wilkinson v. Roper*, 74 Ala. 140; *L. & N. R. R. Co. v. Boykin*, 76 Ala. 560; *Humphries v. Huffman*, 33 Ohio St. Rep. 395. The respondent does not seek a cancellation of the deed and return of the purchase money. His purpose is to hold on to the land for which he has received a valid deed, and his prayer is for an abatement of the purchase money. There is no possible criterion for ascertaining a proper abatement for the lands lying in section 28. Both parties in law must be held to know that the deed conveyed no part of the land lying in section 28, and the purchaser must be held to have contracted for, and to have executed his notes for, the land properly described, lying in section 29. It would seem that the deed under which the complainant held the land lying in section 28, described his interest in this section precisely as described in the deed by him to respondent. The proof shows that complainant was never in actual possession of any of the land in section 28, and this fact was also known to the respondent.

There can be no difficulty in regard to the five acres of land lying in section 29. The complainant sold and by deed conveyed one hundred and sixty acres in this section to the respondent, and warranted the title to him. The proof shows that five acres of this land was valuable and belonged to other parties, who were living on it at the time of respondent's purchase, and that respondent had never acquired possesion of it. So far as we are able to determine from the evidence in the record, the occupants of the five acres, hold by a title superior to that owned by complainant, and which he conveyed to respondent. For the five acres in section 29, the respondent was entitled to an abatement of the purchase price. The case will be reversed and remanded, that it may be referred to the register to restate the account, so

as to allow the respondent an abatement according to the prayer of his bill, from the amount due upon his note, for the fair and reasonable value of the five acres of land lying in section 29, and which, from the evidence, seems to be the property of Ambrose Pelham.

Reversed and remanded.