[Baker. et al. v. Orr.]

# Baker, *et al. v.* Orr.

*Bill to Foreclose First and Second Mortgage.*

(Decided Nov. 24, 1910.  53 South. 1006.)

1. *Usury; Evidence; Sufficiency.*—The evidence in this case stated and examined and held not to sustain the defense that the price paid by the complainant, was in fact, a loan to the defendant, and that the taking of title and resale with mortgage was merely to secure the loan, so as to make the mortgage void as usurious.

2. *Same; Nature of Transaction; Sale as Cover to Loan.*—Where a defendant had lost his land by sale and persuaded the complainant to purchase it for resale to him which the complainant did, and thereafter contracted with the defendant to sell it to him for a specific sum in installments which agreement was later consummated by the complainant conveying the land to the defendant and taking a mortgage to secure a part of the purchase price, which with the cash then paid amounted to more than the price complainant paid for the land, foreclosure of the mortage could not be resisted on the ground that the price paid by the complainant for the land was in reality a loan to the defendant, and that the subsequent dealings were to obtain security for the loan, and to cover usury in the transaction since up to the time the complainant contracted to sell respondent the land the respondent had no enforceable interest in the land because of the statute of frauds, and complainant could have sold the land to anyone, so that it could not be said that complainant's payment for the land was a loan to the defendant.

3. *Same; Effect; Amount Loaned.*—Where complainant sold land to a defendant to be paid for in installments and subsequently conveyed the land to the defendant, taking a mortgage from him for more than the amount remaining due, the usury in the mortgage did not affect the original debt or complainant's right to recover interest thereon, or any other remedy thereon, apart from the mortgage.

4. *Same; Costs; Chancery Case.*—Where, before the bill was filed, defendant was willing to pay the debt, but unwilling to pay a second mortgage which complainant insisted be included in the settlement, and at that time made no suggestion of usury and made no tender it was not an abuse of discretion to award costs to the complainant, although he was denied interest on account of usury in the mortgage; this is especially true where much of the costs was made by the defendant on a groundless contention not affecting the usury, and where there was hardly more than a formal denial of usury; the case being controlled by the provisions of section 3222, Code 1907, and not by the provisions of section 3665, Code 1907.

5. *Appeal and Error; Review; Rulings Not Affecting the Result.*—The appellate court need not review the rulings on evidence which did not affect the result.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. B. Orr against Tony Baker and others to foreclose certain mortgage. Decree for complainants and respondent Baker appeals. Affirmed.

TIDWELL & SAMPLE, for appellant. A proper application of the principles of law with reference to usury contracts will impel a modification of the decree in this case. That the contract was usurious is conclusively shown by the facts.—1 Jones on Mortgages, Sec. 634-639; 64 Ala. 527; 97 Ala. 430; *Meyer v. Cook,* 85 Ala. 417; *Stickney v. Moore,* 108 Ala. 590; 65 Ala. 382. The court erred in taxing the defendant with part of the costs.—Sec. 3665, Code 1907; *Neal v. Clay,* 48 Ala. 252.

KYLE & HUTSON, for appellee. The original agreement as to the purchase of the land was void under the statute of frauds, and hence, at that time, appellant had no interest therein. Afterwards there was an agreement to sell, and a straight sale was made with part of the purchase money in cash, and a mortgage to secure the balance, and hence, it could not be said to be a loan. —*Dykes v. Bottoms,* 101 Ala. 393; 46 Am. St. Rep. 182; 55 Ark. 268; 4 N. Y. 225. Appellee could have purchased the property from Judge Russell and have sold it at any price that might be mutually agreed on, and yet the transaction would not have been tainted with usury. —*M. B. & L. Assn. v. Roberts,* 55 Ala. 382; *Meyer v. Cook,* 85 Ala. 417; *Stickney v. Moore,* 108 Ala. 590. The court did not abuse its discretion in the taxation of costs.—*Alexandria v. Alexandria,* 5 Ala. 517; *Randolph v. Rosser,* 7 Port. 249; *Bryan v. Bryan,* 34 Ala. 568; *Sullivan T. Co. v. Black,* 159 Ala. 585; *Ex parte Robinson,* 72 Ala. 391; *Allen v. Lewis,* 74 Ala. 381; *Kitchell v. Jackson,* 71 Ala. 556.

SAYRE, J.—By his bill appellee sought to foreclose first and second mortgages on appellant's tract of land, and had relief as to both. No error is assigned upon the decree in respect to the second mortgage.

Defendant, Tony Baker, had formerly owned the land, but had lost it by foreclosure. He had no interest whatever in the land nor any right concerning it. The transaction in question had its origin in his effort to repurchase. He went first to Judge Russell who represented the nonresident owner. By Judge Russell he was advised to go to some neighbor who would be able and willing to make arrangements for him. He went to complainant. The extent of what followed as shown by the paper writings, is that complainant, on February 8, 1904, purchased the land from the nonresident owner taking a conveyance of the absolute fee. On April 29, 1904, he entered into an agreement with defendant by which he undertook to make a deed upon the payment by defendant of $225 in installments of $75 payable October 1st, next, and annually thereafter. On October 20, 1904, defendant paid $100, and complainant made his deed on the consideration previously agreed upon, and at the same time took defendant's mortgage to secure a recited balance of $150. Defendant's contention is that the purchase price paid by complainant was a loan to him (defendant), that complainant's purpose in taking title was to secure this loan, and that the excess secured by the mortgage over the price paid by complainant was a device to cover usury. On this theory, and on testimony in support of it, defendant asks relief in his cross-bill. Complainant's testimony is that the several writings express the whole truth of the transaction. This branch of the case might well be disposed of on the ground that defendant had failed to sustain the burden of proof which rested upon him in the premises

Defendant must fail for another reason. Whatever may have been the original expectations of the parties as to complainant's dealing with the property after he should acquire title, until the contract of April 29, 1904, was entered into, defendant had no agreement of legal cognizance, nor any right whatever in the premises. The statute of frauds stood in his way.—*Tillman v. Kifer,* 166 Ala. 403, 52 South. 309. Complainant had the legal right to dispose of the property on his own terms. The payment of the purchase money to the nonresident owner was not, therefore, a loan to defendant. Thus every feature resembling a loan is eliminated from the case, and, as for anything yet appearing, defendant has no coigne of vantage from which to attack the transaction as usurious.—*Dykes v. Bottoms,* 101 Ala. 390, 13 South. 582.

The decree below directed that the sum of $100, paid as above noted, be credited upon the principal then due and to become due, decreeing the foreclosure for the balance of the agreed purchase price, $125, without interest. The ruling was that the contract of security here sought to be enforced was usurious—a ruling in favor of the appellant. The taking of the mortgage did not affect the complainant's original debt or his right to interest thereon, or any remedy he might have for recovery of the same apart from the mortgage, but affected only, we take it, the security now in suit.

Appellant insists that he was entitled to recover costs inasmuch as complainant was denied interest because usury had been reserved in the manner already pointed out. Before the bill was filed the parties negotiated for a settlement. Defendant expressed a willingness to pay the debt secured by the first mortgage, but complainant would not enter into any settlement that would not embrace the indebtedness secured by both. There was no suggestion of usury at that time, nor was any tender

made.   Much of the cost of the litigation which has fol-
lowed was .incurred in defendant's contention—ground-
less, as the event has shown—that he had a contract for
the purchase of the land on terms different from those
shown by the paper writings, and about items of credit
which did not affect the question of usury.   There was
hardly more than a formal denial of usury as the court
found it.   To require the complainant to pay full costs
under these circumstances would have been inequitable.
Section 3665, Code 1907, did not control the case.   The
Legislature has not intended to take away the power of
courts of equity to settle the question of costs equitably
in all cases.   Costs in chancery may be apportioned at
the discretion of the chancellor.—Code, § 3222; *Ward
v. Bank of Abbeville*, 130 Ala. 599, 30 South. 341; *Sul-
livan Timber Co. v. Black*, 159 Ala. 570, 48 South. 870.
In *Neal v. Clay*, 48 Ala. 252, this court, proceeding to
render the judgment that the court below should have
rendered, found usury and taxed the costs against the
complainant; citing section 2781 of the Revised Code,
which is section 3665 of the present Code.   In the same
connection it cited *Black v. Hightower*, 30 Ala. 317,
which was a case at law.   The award of costs in that
case is to be justified on the general principal of equity
which is declared in section 3222.   In the case at hand
we are unwilling to say that the chancellor exercised
his discretion improperly.

We need not consider those assignments of error
which relate to rulings on evidence.   That excluded as
well as that admitted is to be found in the transcript,
and, if all those rulings complained of had been differ-
ent, the result would not have been otherwise.

Let the decree of the chancery court be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ.,
concur.