## CONTRACT FOR SALE OF LAND.

Common Pleas Court of Franklin County.

M. ELLEN WAGNER v. LEANDER W. SHEPPARD ET AL

Decided, October Term, 1914.

*Vendor's Interest—Where He Holds Title, But Has Made a Contract of Sale—Equitable Lien Distinguished from Vendor's Lien—Action to Recover Under Contract of Purchase.*

Under a contract for the sale of land, the vendor has an equitable lien on the land for unpaid purchase money, and he may resort to equity in the first instance to enforce his lien, without first bringing an action at law to recover the amount due.

*Abernathy & Davis*, for plaintiff.

*J. V. Lee*, contra.

KINKEAD, J.

The defendant and his wife gave a note for $1,000 November 26, 1913, due and payable one year after date. At the same time they entered into a written contract with plaintiff for the sale of certain real estate for the consideration of $3,400, which con-sisted of the note and the assumption of a mortgage indebted-ness on the property in the sum of $2,400 to the Centerburg Building & Loan Association Company. Defendant was to pay all taxes, keep the premises insured and pay all dues to the building and loan company. The deed of conveyance was to be made and delivered to defendant upon his compliance with all the terms and conditions of the contract, failure so to do render-ing it null and void, entitling plaintiff to take possession of the premises.

This action is brought, first to recover judgment on the note; second, to have the rights and liens of all parties in interest adjusted, and to have the premises sold.

It is contended on behalf of plaintiff that she has a vendor's lien.

A general demurrer is filed to the second cause of action con-tained in the petition.

The opinion of the court is that the demurrer should be over-ruled, because plaintiff has the right in equity to have the contract specifically performed, to the end that on failure by defendant to perform his contract for the purchase of the property, judgment may be rendered against defendant for the amount due thereon, and the property ordered sold for the satisfaction of plaintiff's claim. This is an admitted course of procedure. The party may elect to pursue either his legal or equitable remedy. The theory is advanced in the petition that

"Owing to the possession of said premises by the defendant Leander M. Sheppard and the payment by him of some part of the consideration, said written contract may be regarded in equity as a mortgage for the balance due plaintiff and the fulfillment of the obligation of said Leander W. Sheppard under said contract, and that she has a right to have the equity of redemption of the defendant, Leander W. Sheppard, and his wife, Clara E. Sheppard, foreclosed."

Reference in the brief of counsel is made to *Jones on Mortgages*, Section 225, where the statement is made that the interest of a vendor who has given an ordinary contract for the sale of land, but retains title to the land in himself, is often spoken of as a vendor's lien. This is considered a misuse of terms.

In the vendor's lien, the grantor has parted with title, retaining the equitable lien for the purchase money. But a vendor who has merely made a contract for sale, not having parted with legal title, having it, has a substantial security.

Pomeroy, Section 1260, pronounces the designation of the rights of a vendor before conveyance as a vendor's lien as an unnecessary and an incorrect use of terms, because it confounds legal notions which are essentially different.

In the case of a contract of sale and for conveyance,

"Although possession may have been delivered to the vendee, and although under the doctrine of conversion the vendee may have acquired an equitable estate, yet the vendor retains the legal title, and the vendee can not prejudice the legal title, or do anything by which it shall be divested, except by performing the very obligation on his part which the retention of such title was intended to secure, namely, by paying the price ac-

cording to the terms of the contract. To call this complete legal title a lien, is certainly a misnomer. * * * In case of a contract for sale before conveyance, the vendor has the legal title, and has no need of any lien; his title is a more efficient security, since the vendee can not defeat it by any act or transfer even to or with a *bona fide* purchaser." Pomeroy, Section 1260.

The case of *Vail* v. *Drexel,* 9 Ill. App., 439, presents the true nature of the vendor's interest where he holds title but has made a contract of sale, in a very clear and instructive manner, though using the accustomed phraseology, viz.:

"Under an agreement for the sale of land, the vendor has an equitable lien on the property for unpaid purchase-money. In equity the vendee is considered the owner. The lien of the vendor is *in rem,* and he may resort to equity in the first instance to enforce it, without first resorting to a suit at law to recover the amount due "

See also *McCashm* v. *State,* 144 Ind., 151; *Moore* v. *Anders,* 14 Ark., 628 (60 Am. Dec., 551).

The exact positions of vendor and vendee have been described by English courts, as sustaining the relation of trustee and *cestui que trust;* "that is to say, when a man agrees to sell his estate, he is trustee of the legal estate for the person who has purchased it, as soon as the contract is completed." *McCreight* v. *Foster,* L. R., 5 Ch., 604, 610; *Shaw* v. *Foster,* L. R., 5 H. L., 321, 333.

Pomeroy, at Section 1261 Equity Jur., admirably expresses the doctrine of the decisions as follows:

"In fact, the position of the vendor prior to conveyance is defined and determined by the doctrine of equitable conversion, rather than by that of mere equitable lien. He holds the legal title as security for the performance of the vendee's obligation, and as trustee for the vendee, subject to such performance, and that title may be conveyed or devised, and will descend to his heirs. In equity, his real interest is personal estate; he becomes by equitable conversion the owner of the purchase-money, of which the vendee is his trustee, and this claim for the purchase-money passes on his death to his executors or administrators. On the other hand, the vendee becomes, by conversion, the real beneficial, although equitable, owner of the land; his

interest under the contract is, in equity, real estate, and descends to his heirs. The so-called lien of the vendor is only another mode of expressing his equitable interest thus arising from the doctrine of conversion; and so far as it has any distinctive signification, it simply means his right of enforcing his claim for the purchase-money against or out of the vendee's equitable estate by means of a suit in equity." See *Abbott* v. *Moldestad*, 74 Minn., 293 (73 Am. St., 348); *Hardin* v. *Boyd*, 113 U. S., 756; *Moser* v. *Johnson*, 88 Ala., 517 (16 Am. St., 58), and other cases cited.

The right of the vendor to proceed to enforce the so-called lien is simply an action to compel the vendee to make payment of the purchase price within a specified time, or else be barred of all rights under the contract—that is, an action to foreclose the contract. *Pomeroy's Eq.*, Section 1262:

In this case it is alleged that the property is not of sufficient value to satisfy the claim of the building and loan company and the indebtedness to plaintiff, that the defendants are insolvent, and the appointment of a receiver is asked.

This shows the necessity of equitable intervention.

The order is that the demurrer be overruled and that a receiver be appointed. The order is that defendants be compelled to yield legal possession of the premises at once, and that actual possession be yielded to the receiver within ten days from the date of the order, unless defendants pay a reasonable and proper rental for the use and occupancy of the premises. Max Goldschmidt is appointed receiver, with a bond of $200.