(77 South. 46)

LEWIS v. HICKMAN.    (4 Div. 736.)

(Supreme Court of Alabama.   Nov. 15, 1917.)

1. VENDOR AND PURCHASER ☞254(3)—BOND FOR TITLE AS SECURITY FOR DEBT—RIGHTS AND REMEDIES OF PARTIES.

Where bond for title held by complainant was a security for debt, the same general rights and remedies prevail between the parties as where the technical relation of mortgagor and mortgagee exists.

2. USURY ☞111(4)—RIGHTS OF PARTIES.

It is sufficient that complainant's bill to redeem property formerly owned by her and her husband, setting up usury in the mortgage transaction whereby respondent obtained title, offers to do equity, though it contains no specific offer to pay the legal rate of interest, instead offering to pay whatever sum the court may ascertain to be due.

3. EQUITY ☞66 — BILL TO REDEEM·FROM MORTGAGE—OFFER TO PAY LEGAL INTEREST —STATUTE.

By Code 1907, § 4623, declaring that all contracts for the payment of interest upon the loan of goods, money, etc., or upon any contract whatever, at a higher rate than prescribed, are usurious, and cannot be enforced, except as to the principal, the maxim that he who seeks equity must do equity, as applied to a mortgagor seeking to redeem, where the mortgage was tainted with usury, is abrogated, and the mortgagor need not offer to pay legal interest; the operation of the statute not being limited to transactions originating in loans of money.

4. USURY ☞75—RELEASE OF RIGHT OF REDEMPTION TO MORTGAGEE—EFFECT.

Where a mortgagor and his wife executed to the mortgagee release or extinguishment of their right of redemption of the mortgaged land, though it may have been done to avoid usury in the mortgage transaction, there being no fraud, the transaction was valid, and the mortgagee was invested with full title.

5. USURY ☞16—MORTGAGE — TRANSACTION TO EVADE STATUTE.

If a transaction was a device·to evade the statute against usury, the mere form of the

contract could not relieve the party seeking to enforce it from the consequences of usury, since a mere device cannot purge a contract if tainted with the intent to take more than lawful interest by way of loan or forbearance on debt.

6. USURY ⬥⬥⬥127—MORTGAGE—INVOCATION OF RULE BY THIRD PERSON IN INTEREST.

If a contract debt is usurious, any third person in interest may invoke the rule that the mortgagee is not a bona fide holder, and that latent and secret equities must prevail over a title thus tainted.

7. USURY ⬥⬥⬥66—PURGING TRANSACTION OF TAINT—RENEWAL OR REFORMATION.

Mere renewal of the note or other security between the parties does not purge the original transaction of usury, the renewed instrument being still vitiated by the illegal taint, which can be purged only by renewal of the note or contract in the hands of a bona fide purchaser for value without notice of the usury, or by a reformation of the contract whereby the usurious interest is expunged by remitting the excess and retaining only lawful interest.

8. MORTGAGES ⬥⬥⬥27—EQUITABLE MORTGAGE—INTENT TO SECURE DEBT.

Whatever form a transaction may assume, if it was intended to accomplish the securing of a debt, equity regards it as a mortgage.

9. MORTGAGES ⬥⬥⬥37(2) — EQUITABLE MORTGAGE—PAROL EVIDENCE.

It is always open to parol proof that the intention of the parties to a transaction was to secure the payment of a debt by the several written instruments evidencing the same; so that equity will regard the transaction as a mortgage.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill by F. E. Lewis against P. N. Hickman. From decree for respondent, complainant appeals. Decree reversed, and cause remanded.

W. W. Sanders, of Elba, for appellant. W. O. Mulkey, of Geneva, for appellee.

THOMAS, J. The bill was filed to redeem certain properties formerly owned by complainant and her husband.

Respondent's title began as that of mortgagee, but by subsequent agreement and conveyance he became the owner of the fee; the equity of redemption being in complainant.

The bill avers the several transactions between the parties relating to said property. The purpose of the conveyance is thus stated:

"The real purpose for the execution of said release and relinquishment, and of said agreement to resell and reconvey said property, was to hide and cloak the usury which was contained in the mortgage debt, and that as a matter of fact the debt remained the same, and it bore the same rate of interest which had prevailed in the previous transactions of the parties; * * * that two days after execution of said release and relinquishment, and on the 15th day of January, 1913, the respondent prevailed upon the said J. W. Lewis and your oratrix to rescind and annul said agreement of January 13, 1913, and in lieu thereof to sell said property above described to your oratrix at and for a price equal to the balance due and owing upon said mortgage debt by the said J. W. Lewis, which was $1,864.50, as aforesaid, and your oratrix avers that upon that sum 12½ per cent. interest was calculated, and said property was thereupon sold and bargained to your oratrix for that price, and your oratrix

was given five years in which to pay the price including said 12½ per cent. per annum interest."

[1] At the time of the filing of the bill, though the complainant only held a bond for title, such bond, in the light of the averred transactions between the parties as to said property, was a security for debt, in equity, in the nature of a mortgage. In such a case the same general rights and remedies prevail as where the technical relation of mortgagor and mortgagee exists. Haley v. Bennett, 5 Port. 452; Chapman v. Chunn, 5 Ala. 397; Roper v. McCook, 7 Ala. 318; Connor v. Banks, 18 Ala. 42, 52 Am. Dec. 209; Relfe v. Relfe, 34 Ala. 500, 73 Am. Dec. 467; Moses Bros. v. Johnson, 88 Ala. 517, 7 South. 146, 16 Am. St. Rep. 58; Bankhead v. Owen, 60 Ala. 459; Inglis v. Webb, 117 Ala. 387, 23 South. 125; Reynolds v. Lawrence, 147 Ala. 220, 40 South. 576, 119 Am. St. Rep. 78; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Ashurst v. Peck, 101 Ala. 499, 14 South. 541; Wimbish v. Loan Ass'n, 69 Ala. 575; Hester v. Hunnicutt, 104 Ala. 282, 16 South. 162.

[2] The complainant submits fully to the jurisdiction of the court, and "offers to do equity," which is sufficient. Miller v. Graham, 196 Ala. 230, 72 South. 87. The bill contains no specific offer to pay the legal rate of interest, but offers to pay whatever sum the court may ascertain to be due by complainant.

[3] It is true that under the former statute one coming into a chancery court seeking relief from usury was required to offer to pay the legal interest. Lindsay v. U. S. Savings & Loan Co., 127 Ala. 366, 28 South. 717, 51 L. R. A. 393. By the provisions of section 4623 of the Code of 1907 (Gen. Acts 1900–01, p. 164, § 1) the maxim that he who seeks equity must do equity, as applied to a mortgagor seeking to redeem, where the mortgage was tainted with usury, is abrogated. Barclift v. Fields, 145 Ala. 264, 41 South. 84; First National Bank of Abbeville v. Clark, 161 Ala. 497, 49 South. 807; Reynolds v. Lee, 180 Ala. 76, 60 South. 101.

Appellee's counsel adverts to the fact that the foregoing decisions were in cases that originated in a loan of money, and insists that it is an open question whether the amendment included all debtors. Gen. Acts 1901, p. 2097.

In Compton v. Collins, 190 Ala. 499, 502, 503, 67 South. 395, the statute was taken as covering all classes of debtors. Compton v. Collins, 73 South. 334.[1] The policy of the statute as amended is to discourage the practice of contracting for usury, and the statute was intended to have application whether the debt be directly from the loan of money, from a renewal, or from obligation incurred in the purchase of lands, wares or merchandise, etc. The "store accounts" in the Compton Case

---

⬥⬥⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 197 Ala. 642.

included both cash advanced and goods and merchandise sold; and the demand was held to be tainted with usury. The court said:

"The business of Mr. Collins was such that he required not only supplies from the store of Mayer Bros., but he also required some of their cash, and an arrangement was entered into, when Mr. Collins began to do business with them, whereby the account of Mr. Collins—and, when we say 'account,' we mean 'store account'—became tainted with usury. * * * In this state the usurer is forbidden interest, and the payments made by the debtor are credited upon the principals, both in actions at law and suits in equity, and without regard to who is the actor in the proceedings. This penalty was imposed by the Legislature upon contracts tainted with usury, and it is, of course, the plain duty of the courts to inflict the penalty."

Thus is the question specifically decided against the contention of appellee in the case at bar. This conclusion is supported by former decisions to the effect that any contract by which a party secures to himself more than lawful interest for a loan of money, or for the forbearance of a debt, is within the statutes against usury; and in the determination of whether the contract is tainted with usury the court will look to the whole transaction—"the substance and effect, rather than to the form of the contract." Chief Justice Brickell declares that:

"The intent is the test; was it intended to compensate for risk, trouble, or expense, incurred at the request of the debtor, or was it intended to give the creditor additional profit for the loan of money, or the forbearance of a debt?" Uhlfelder & Co. v. Carter's Adm'r, 64 Ala. 527, 533; Dawson v. Burrus, 73 Ala. 111.

In Stewart v. Cross, 66 Ala. 22, the agreement to forbear was for the purchase price of lands, and was held usurious. In Baker v. Orr, 169 Ala. 665, 53 South. 1006, and Dykes v. Bottoms, 101 Ala. 390, 13 South. 582, the vendor creditor had the legal right to sell or dispose of his property on his own terms; and on this ground those transactions were held to be not tainted with usury.

Whatever may be said on the question, it is sufficient that the plain words of the statute declare that all contracts for the payment of interest upon the loan or forbearance of goods, money, things in action, or upon any contract whatever at a higher rate than is prescribed in this chapter are usurious, and cannot be enforced either at law or in equity, except as to the principal. Code 1907, § 4623. The subsequent provision thereof, "Nor shall the borrower of money at a usurious rate of interest ever in any case in law or equity be required to pay more than the principal sum borrowed, and if any interest has been paid the same must be deducted from the principal and judgment rendered for the balance only," does not have the effect to limit the operation of the statute to transactions originating in loans of money. This amendment introduced a legislative policy different from that recognized in the decision in the Lindsay Case, supra.

[4, 5] The insistence of appellee is that, when Lewis and his wife executed to Hickman the release or relinquishment of their right of redemption of the lands embraced in the mortgage, Hickman became vested with the full and equitable title, as effectually as if a foreclosure under the power had been exercised, or as if a decree of the court had intervened in his favor. It is true that this may have been done for the purpose of avoiding the usury, but no fraud was alleged, and the transaction was valid, and, as stated, its effect was to invest Hickman with the full title. As to transactions of date January 15, 1913, and thereafter, between Hickman and Mrs. Lewis, appellee's argument overlooks that line of authority long prevailing in this state to the effect that:

"If the transaction was a device to evade the statute against usury, then the mere form of the contract could not relieve the party seeking to enforce it from the consequences of usury; for mere device or shift cannot purge the contract if it be tainted with the intent to take more than lawful interest by way of loan" or forbearance on debt. Swilley v. Lyon, 18 Ala. 552, 556; Uhlfelder & Co. v. Carter's Adm'r, supra; Ely v. McClung, 4 Port. 128, 136; Miller v. Bates, 35 Ala. 580, 586; Van Beil v. Fordney, 79 Ala. 76, 80; Ginn v. Mortgage Co., 92 Ala. 135, 8 South. 388; 39 Cyc. 980 (2), and authorities; Gage v. Mercantile Co., 160 Fed. 425, 87 C. C. A. 377; In re Elmore Cotton Mill (D. C.) 217 Fed. 815.

[6] If the contract debt is usurious, any third person in interest may invoke the rule that the mortgagee is not bona fide holder, and that latent or secret equities must prevail over a title thus tainted. Smith v. Lehman, Durr & Co., 85 Ala. 394, 5 South. 204; Meyer v. Cook, 85 Ala. 417, 5 South. 147; Hart v. Adler, 109 Ala. 467, 19 South. 894; Uhlfelder & Co. v. Carter's Adm'r, 64 Ala. 532; Capital City Ins. Co. v. Quinn, 73 Ala. 558; Wailes v. Couch, 75 Ala. 134; McCall v. Rogers, 77 Ala. 349.

[7] In Masterson v. Grubbs, 70 Ala. 406, the pertinent observation is made that the mere renewal of a note or other security between the same parties does not purge the original transaction of the taint of usury. The renewed instrument is considered as still vitiated by the usury of the original indebtedness; and this illegal taint can be purged only in two ways: (1) By a renewal of the note or contract, after it has passed into the hands of a bona fide purchaser for value, without notice of the usury; and (2) by a reformation of the contract, by which the usurious interest is expunged by remitting the excess, and retaining only lawful interest. Allen & Trammell v. Turnham, 83 Ala. 323, 3 South. 854. Neither of these courses has been pursued in the instant case for the elimination of the usurious amounts embraced in the demand, according to the averments of the bill.

The cases of Allen & Trammell v. Turnham, supra, Woodall v. Kelly, 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57, Van Beil v. Fordney, supra, and Bernheimer v. Gray, 78

South. 840, are not in conflict with our present holding.

The averments of the present bill come within the rule requiring definiteness in such bills, and the demurrer challenging the same for indefiniteness was improperly sustained. Bernheimer v. Gray, supra. Specific performance was sought in Able v. Gunter, 174 Ala. 389, 57 South. 464, and Sims v. Knight, 71 Ala. 197, no contract tainted with usury being there considered; hence these cases have no application here.

[8, 9] It is further insisted for appellee that the demurrer was well taken, because the bill attempts to vary the provisions of a written contract by parol. There is no merit in this contention. Equity regards the substance, and not the form, and it matters not what form the transaction may assume; if it is intended to accomplish the securing of a debt, equity regards the transaction as a mortgage. And it is always open to parol proof to show that the intention of the parties was to secure the payment of a debt by the several written instruments evidencing the same. Glass v. Hieronymus, 125 Ala. 140, 28 South. 71, 82 Am. St. Rep. 225; Woodruff v. Adair, 131 Ala. 530, 32 South. 515; Moses Bros. v. Johnson, 88 Ala. 517, 7 South. 146, 16 Am. St. Rep. 58; Jones on Mortgages, § 264; Adams v. Pilcher, 92 Ala. 474, 8 South. 757; Sewell v. Holley, 189 Ala. 121, 66 South. 506.

We have considered the other grounds of demurrer, and find no merit in them, and have discussed only those assignments urged in the able brief of appellee's counsel.

It results from the foregoing that the decree of the circuit court in equity must be reversed, and the cause remanded for further proceedings therein.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.